IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES P. BASSLER | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cv-1300-JPG-CJP ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant.[1] | ) ) |

## MEMORANDUM and ORDER

This matter comes before the Court on Defendant Commissioner of Social Security's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 8). Plaintiff James P. Bassler has not filed a response. For the following reasons, the Court will grant Defendant's motion.

Attorney Darren E. Daley filed a Complaint on behalf of Plaintiff on November 23, 2015, seeking the Court's review of the denial of Plaintiff's application for Social Security disability benefits (Doc. 3).

On March 21, 2016, in accordance with the Local Rules of the United States District Court for the Southern District of Illinois, the Court ordered Plaintiff's counsel, on or before April 4, 2016, to either renew his membership in the district court bar, move to appear *pro hac vice*, or show cause why the Court should not remove him from the case (Doc. 6). *See* SDIL-LR 83.1. Mr. Daley failed to take any of these actions and has not otherwise responded to the Court's order to show cause. The Court further notes that, shortly after the deadline for Mr. Daley to show cause, the Clerk's Office attempted to contact Mr. Daley by phone at several phone numbers but was unsuccessful in its efforts.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (visited Feb. 7, 2017). She is automatically substituted as defendant in this case. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

On February 17, 2017, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5) for insufficient service of process in light of the fact that she had not been served with process in the case (Doc. 8). Plaintiff has not responded to the motion.

Pursuant to SDIL-LR 7.1(c)(1), Plaintiff had thirty days to file a response to Defendant's motion. Plaintiff failed to respond by that deadline. Pursuant to SDIL-LR 7.1(c), the Court may construe such a failure as an admission of the merits of the motion. In light of the fact that the record contains no evidence that the Defendant was served with process within 120 days of the filing of the Complaint, the time provided for service under the version of Federal Rule of Civil Procedure 4(m) at the time Plaintiff filed his complaint, the Court finds it is appropriate to construe Plaintiff's failure to respond as an admission that, as asserted in the motion, he failed to timely serve the Defendant. Further, since the Plaintiff has offered no good cause for this failure and has not requested any additional time for service as allowed under Rule 4(m), the Court will dismiss this case without prejudice.

The Court **GRANTS** Defendant's Motion to Dismiss (Doc. 8), **DISMISSES** this case **without prejudice,** and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DIRECTS** the Clerk of Court to send a copy of this order to Mr. Daley at the following addresses, which were suggested by Defendant in her motion to dismiss:

| | |
|---|---|
| 23 Fieldcrest Drive | 632 N. Main Street |
| Columbia, IL  62236-2557 | Columbia IL 62236 |

**IT IS SO ORDERED.**
**DATE:  January 4, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**